UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSVEL FRANKLIN VALDES IZNAGA,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-06633-DAD-AC<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On August 20, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for appointment of counsel (Doc. No. 4), and a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration detention. (Doc. No. 3.)

On August 21, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondent was directed to state any opposition they had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive

reasons in support of their position in this regard in its opposition. (*Id.*) Respondent filed her opposition on August 24, 2026, in which respondent states that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 8 at 1.) However, respondent recognizes relevant authority that petitioner's current custody is governed pursuant to 8 U.S.C. § 1226(a). (Doc. No. 8 at 1.) Respondent's response does not state any objection to the court ruling on petitioner's habeas petition at this time so this court will do so.

The court describes the record as presented by the parties as follows. Petitioner states that he arrived in the United States in July 2022, encountered immigration officials, was released on parole, and sought asylum. (Doc. No. 1 at 5.) On or about June 22, 2026, petitioner states he was re-detained by immigration authorities and he remains in immigration custody. (Doc. No. 8-1 at 2.)

In light of petitioner's release on parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his immigration re-detention absent notice and a hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits and order his immediate release.

For the reasons stated above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner, Yosvel Franklin Valdes Iznaga A-File No. 241-830-224, from respondent's custody on the conditions, if any, he was subject to prior to his detention on or about June 22, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

3. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE